IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEAH MELLAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-1072 |
| | ) |
| BRIAN PATTEN AND ASSOCIATES, | ) |
| AMERICAN FAMILY LIFE ASSURANCE | ) |
| COMPANY OF NEW YORK, AMERICAN | ) |
| FAMILY LIFE ASSURANCE COMPANY | ) |
| OF COLUMBUS, and CONTINENTAL | ) |
| AMERICAN INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Presently before the Court is Defendant Brian Patten & Associates' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) (Docket No. 10) as Plaintiffs have failed to effectuate service on Defendants. The motion is briefed[1] (Docket Nos. 11, 12, 13) and is ripe for decision.

### I.     BACKGROUND

Plaintiff Leah Mellay filed her ten count Complaint against her former employers on June 26, 2024, alleging age, sex, and religious discrimination and retaliation, breach of contract, unjust enrichment, and failure to maintain records, pursuant to Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, the Fair Labor Standards Act, and Pennsylvania common law. Docket No. 1.  She names several defendant employers, which she sorts into two categories: Brian Patten and Associates ("Defendant BP") and American Family Life Assurance Company of New York, American Family Life Assurance Company of Columbus, and Continental American

---

[1]     As explained *infra*, Plaintiff's brief in opposition to the motion has been stricken from the record (*see* Docket No. 16).

Insurance Company (the "AFLAC Defendants"). However, Plaintiff's case has been repeatedly delayed due to her failure to serve the Defendants and properly file documents with the Court. We will briefly summarize these events.

After filing her Complaint, Plaintiff did not effectuate service on Defendants as required under Civil Rule of Procedure 4(m). This Court entered an order on November 4, 2024, one-hundred and thirty-two days after the Complaint was filed, ordering Plaintiff to show good cause as to why she did not serve the Defendants within ninety days of filing the Complaint, as required by Fed. R. Civ. P. 4(m). Docket. No. 5. Further, the order explained that absent a showing of good cause by November 18, 2024, the case would be dismissed without prejudice. *Id*. On November 18, 2024, Plaintiff moved to extend service of process by thirty days. Docket No. 6. Plaintiff argued she had good cause for her delay in effectuating service because she had contacted counsel for Defendant BP, who had agreed to accept service, and that she had missed an email from counsel for the remaining AFLAC Defendants in her spam folder. *Id.* at ¶¶6, 8. And when she attempted to serve counsel for the AFLAC Defendants, they allegedly refused to accept service without an agreement to go to arbitration. *Id.* at ¶¶10, 11, 14. Finally, Plaintiff noted that she was seeking new counsel. *Id.* at ¶16. This Court granted the request for extension through December 12, 2024. Docket No. 7. On December 28, after once again failing again to effectuate service on Defendants by this extended deadline, Plaintiff moved for another thirty-day extension, citing the same arguments proffered in her prior motion, and adding that "…Plaintiff is currently in the process of engaging new counsel due to Plaintiff's counsel's ill health. Plaintiff anticipates that this process will be concluded near term once her prospective new counsel return to work following travel during the holiday season." Docket No. 8 at ¶14. This Court granted the second request for another thirty-day extension, through January 30, 2025. Docket No. 9.

2

After Plaintiffs yet again failed to serve Defendants by the Court's new deadline, Defendant BP filed the present motion to dismiss Plaintiff's claims against it for failure to serve pursuant to Rule 12(b)(6). Docket No. 10. In response, Plaintiff's counsel contacted this Court by phone and email, explaining that she was unable to electronically file Plaintiff's response to Defendant BP's Motion, and was instructed by chambers staff to email the brief to Defendants and to the Court for provisional filing. The Court entered an order requiring the Plaintiff to properly file her response by March 7, 2025. Docket No. 15. After Plaintiff failed to do so, this Court ordered Plaintiff's response stricken. Docket No. 16. Prior to striking the response, Defendant BP filed a Reply. Docket No. 13.

## II.     RULES 4(M) AND 12(b)(5)

Rule 4(m) of the Federal Rules of Civil Procedure states:

> "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m). And, under Rule 12(b)(5), a party may move to dismiss for insufficient service of process. After a party has alleged insufficient service, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 489 (3d Cir. 1993) (citing 4A *Wright and Miller's Federal Practice and Procedure* § 1083 (1987)).

In evaluating compliance with Rule 4(m), the Court first considers whether the plaintiff has showed good cause for their delay. *Petrucelli v. Bohringer & Ratzinger*, 46 F3d 1298, 1305 (3d Cir. 1995); *Suegart v. U.S. Customs Service*, 180 F.R.D. 276, 278 (E.D. Pa. 1998). Rule 4(m) does not define "good cause," but the Third Circuit has interpreted it to mean, at a minimum,

"excusable neglect," defined as a showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Dominic v. Hess Oil V.I. Corp.,* 841 F.2d 513, 517 (3d Cir. 1988) (quoting Wright & Miller, *supra*, at §1165).  And courts consider the following factors in determining if the neglect is excusable:

> (1) whether the neglect results from professional incompetence, (2) whether the excuse offered is of the type easily manufactured and not verifiable by the court, (3) whether the tardiness results from an attorney's failure to provide for a readily foreseeable consequence, (4) whether the neglect results from a complete lack of diligence, or (5) whether counsel made substantial good faith efforts toward compliance.

*Dominic*, 841 F.2d at 517.  When considering an extension of time, courts "also consider whether the enlargement of time will prejudice the opposing party."  *Id*.  Finally, even if the Court does not find good cause, the Court may still use its discretion to extend the deadline for service.  *Petrucelli*, 46 F3d at 1305; *Suegart*, 180 F.R.D. at 280.

### III.   DISCUSSION

Here, Plaintiff has failed to meet the good cause standard under Rule 4(m) by not demonstrating excusable neglect under the five factors outlined in *Dominic.*  Plaintiff's counsel has offered several excuses: she missed the email from AFLAC Defendants' counsel; she was ill; her client was seeking new counsel; putative new counsel was traveling for the holidays; and she needed to review documents from the AFLAC Defendants' counsel.  Plaintiff has been provided ample time to resolve these issues and has been given multiple extensions, yet her continued inaction indicates a complete lack of diligence or inability to comply with basic filing and service obligations.  Further, counsel's illness and attempts to obtain new counsel are not supported by affidavits or declarations and are not verifiable.  No specific circumstances appear to have delayed service, whether foreseeable or unforeseeable.  And, while initially, it appeared that Plaintiff may have been undertaking good faith efforts to resolve service, such as identifying counsel for

Defendant BP, communicating with the AFLAC Defendants, and seeking new counsel, Plaintiff has not followed through on these efforts. Instead, it appears she has abandoned her case altogether. Plaintiff has still not effectuated service on any Defendant, despite multiple orders from the Court directing her to do so. Plaintiff has not moved for another extension of time to serve. And, she has not properly filed a response to Defendant BP's Motion to Dismiss despite being given leave to do so after the deadline.[2]

Further, while the Court may use its discretion to extend deadlines even absent a showing of good cause, the Court declines to do so here. This Court has granted Plaintiff multiple extensions of which she has failed to avail herself and will not subject Defendants to further seemingly futile extensions that the Plaintiff and her counsel have not requested. Accordingly, the Court will grant Defendant's motion and dismiss the Complaint in its entirety pursuant to Rule 12(b)(5).

Defendants move that this Court dismisses the case with prejudice. Defendants cite several cases from the Fifth Circuit for the proposition that this Court may dismiss a case for insufficient service with prejudice if certain "aggravating factors" warrant it, such as "the extent to which plaintiff, rather than his counsel, is personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Porter v. Beaumont Enter. & J.*, 743 F.2d 269, 272 (5th Cir. 1984).[3] However, Rule 4(m) explicitly

---

[2] The Third Circuit has also used an alternative three-factor test to determine good cause: "(1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time." *Beautyman v. Laurent*, 829 F. App'x 581, 583 (3d Cir 2020) (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)) *Compare Dominic*, 841 F.2d at 517. Here, the Court's analysis will not differ under either test. As detailed above, Plaintiff's counsel has made insufficient efforts to serve, and while she has previously moved for an enlargement of time, counsel did not comply with those enlargements and has no pending request for additional time. And while the prejudice to the Plaintiffs appears contested (*see infra* footnote 3), "absence of prejudice alone can never constitute good cause to excuse late service." *MCI Telecomms.*, 71 F.3d at 109.

[3] The prejudice to the Defendants appears to be in dispute. While Defendants argue that they have been prejudiced by "prolonging litigation and preventing timely resolution of the case," as well as "ongoing uncertainty

contemplates dismissing without prejudice. And while in *Gish v. Attorney General U.S.*, the Third Circuit did uphold a dismissal with prejudice under Rule 4(m), it did so because the party defied an order that "specified that her suit would be dismissed with prejudice if she didn't meet [the Court's] deadline." 604 F. App'x. 119 (3d Cir. 2015). Here, this Court issued an order threating to dismiss without prejudice should Plaintiff not meet the deadline. Docket No. 5. Accordingly, this Court will dismiss without prejudice.

Finally, only Defendant BP has moved to dismiss this case. None of the other Defendants have filed any motions or entered appearances, perhaps because they have never been served. Rule 4(m) grants this Court the authority to dismiss Plaintiff's case for failure to serve "on motion or on its own after notice to the plaintiff." This Court has twice extended Plaintiff's deadline after its initial Order requiring her to show good cause why her case should not be dismissed without prejudice. Plaintiff has failed to meet either deadline. Therefore, Plaintiff has been put on notice, so all claims will be dismissed as to the non-moving Defendants, too.

## IV.     CONCLUSION

For the reasons set forth above, the Motion to Dismiss (Docket No. 10) will be granted in part, to the extent that it requests that this Court dismiss the case against Defendant Brian Patten & Associates. The dismissal will be without prejudice and the Motion is denied to the extent that it requests that the dismissal be with prejudice. And, under this Court's authority under Rule 4(m) and its inherent authority, this case shall be dismissed without prejudice against remaining Defendants American Family Life Assurance Company of New York, American Family Life

---

and legal exposure," it appears that any such prejudice was mitigated by the fact that Defendants did have access to the Complaint, though without proper service. Docket No. 11 at 5–6.

Assurance Company of Columbus, and Continental American Insurance Company.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Dated: September 30, 2025

cc/ecf: All counsel of record